THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRELL ROBERTS<br>    Plaintiff, | ) <br> ) JURY TRIAL DEMANDED <br> ) |
| v. | ) Case No. <br> ) |
| EQUIFAX INFORMATION SERVICES, LLC and TRANS UNION, LLC<br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

COMES NOW the Plaintiff Terrell Roberts ("Mr. Roberts" or "Plaintiff"), an individual consumer, by Counsel, and for his Complaint against Defendants, Trans Union, LLC and Equifax Information Services, LLC (collectively referred to as "CRAs"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on

1

errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Oklahoma.

## III.  PARTIES

7. Plaintiff Terrell Roberts is a natural person residing in Oklahoma, OK.

8. Plaintiff Terrell Roberts is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, Trans Union, LLC is a Illinois corporation duly authorized and qualified to do business in the State of Oklahoma.

10. Trans Union, LLC is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

11. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Oklahoma.

12. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## IV.  FACTS OF THE COMPLAINT

13. On or about March 16, 2025 Mr. Roberts obtained copies of his consumer credit disclosures from Equifax Information Services, LLC and Trans Union, LLC through www.annualcreditreport.com.

### Equifax

14. Equifax was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Mr. Roberts all the information in his file, subject to the same limited exception regarding truncation of the Social Security number.

15. Equifax's disclosure omitted critical information contained within his credit file, thereby failing to meet this requirement.

16. The omitted data included inaccurate information, re-aged data, payment history and incomplete account details.

17. The Accounts with known inaccuracies or incomplete data included: Jefferson Capital LLC among others.

18. These errors and omissions were numerous and included, but were not limited to, the following: Incomplete Account Numbers, Incomplete Credit Limits, Terms Durations, Frequency, Activity Designator, Date of Last Payment, Actual Payment Amount, Scheduled Payment Amount, Date of Last Activity, Date Maj Del 1st Reported, Change Off Amount, Deferred Pay Start Date, Balloon Pay Amount, Balloon Pay Date, Status etc.,

<u>Trans Union</u>

19. Similarly, Trans Union was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Mr.

Roberts's file, with the same limited exception regarding Social Security number truncation.

20. On or about Feb 6, 2025 Mr. Roberts requested his file from Trans Union in writing.

21. Trans Union's disclosure failed to include key information from Mr. Roberts's credit file.

22. The inaccuracies included erroneous data, incomplete payment histories, and missing source information.

23. The affected Accounts included: Discover Bank, Jefferson Capital System, LVNV Funding LLC and Portfolio Recovery among others.

24. Under 15 U.S.C. § 1681g(a), upon receipt of Mr. Roberts's request, all Defendants were legally obligated to provide Mr. Roberts with a complete and accurate disclosure of all information in his credit files at the time of his request.

25. Defendants provided an electronic copy of Mr. Roberts's Consumer Disclosure via www.annualcreditreport.com

26. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Mr. Roberts's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

27. Accordingly, Equifax's, and Trans Union's violations of the FCRA were willful.

28. Mr. Roberts is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

29. By failing to meet this requirement, Defendants deprived Mr. Roberts of a right expressly granted by federal law.

30. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA. Mr. Roberts relied on the information the report to be accurate and complete therefore to prevent dissemination of a misleading report. Which left Mr. Roberts confused, distressed all Defendants made it hard to correct her credit profile. Mr. Roberts suffers from Emotional distress from the incomplete and inaccurate reporting by Anxiety, Depression, Fear, Numbness, Difficulty Regulating Emotions and Self-Hatred. Mr. Roberts has lost money with the postal stamp from Defendants not providing a complete and accurate profiles.

## CAUSES OF ACTION

31. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

32. All causes of action were the producing causes of damages, which Mr. Roberts suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

33. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

34. Defendants violated the FCRA.

35. Defendants' violations include, but are not limited to, the following:

    Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

36. Trans Union, Trans Union and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

37. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)

38. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

39. Trans Union and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

40. Trans Union and Equifax's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

41. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Terrell Roberts respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Trans Union, LLC and Equifax Information Services, LLC, for the following:

   a. Judgment that Defendants violated the FCRA;

   b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

s/ Nkem A. House
Nkem A. House, OBA #21219
House Law Group
425 W. Wilshire Blvd., Ste. E
Oklahoma City, OK 73116
405.633.1709 (telephone)
houselawfirm@gmail.com (email)
ATTORNEY FOR PLAINTIFF