# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRELL ROBERTS,

      Plaintiff,

v.

      Case Number: 5:25-cv-00887-JD

EQUIFAX INFORMATION SERVICES,
LLC and TRANS UNION, LLC,

      Defendants.


**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC AND TRANS UNION LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Defendants Equifax Information Services, LLC ("Equifax") and Trans Union LLC ("Trans Union") (collectively the "Defendants") submit this Joint Motion for Judgment on the Pleadings ("Motion") pursuant to Federal Rule of Civil Procedure 12(c) and respectfully request that the Court dismiss this case with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case is one of several nearly identical lawsuits filed in this District by Plaintiff's counsel seeking to exploit alleged "missing information" on consumer credit disclosures.[1] In this case, as in the many others pending before this Court Plaintiff *alleges* that Defendants violated Section 1681g of the Fair Credit Reporting Act ("FCRA") because they provided disclosures that omitted certain information, such as complete account numbers for certain accounts, payment history and various other account fields. Am. Compl. (ECF No. 16) at ¶¶ 15–30. But as this Court recently concluded in a nearly identical

---

[1] Courts across the country are awash with cases of this ilk in which a plaintiff alleges that an entity subject to the FCRA has violated § 1681g because a consumer report or disclosure is missing certain "critical information." In this Court alone, Plaintiff's counsel has filed or appeared in no fewer than 13 actions under this theory, including in one action where he is the plaintiff. *See* House v. Trans Union LLC et al, Docket No. 5:25-cv-01084 (W.D. Okla. Sep. 18, 2025); Matthews v. Equifax Info. Servs., LLC et al, 5:25-cv-00818-R (W.D. Okla. July 22, 2025); Roberts v. Equifax Info. Servs., LLC et al, 5:25-cv-00887-JD (W.D. Okla. Aug. 11, 2025); Shaw v. Trans Union LLC., et al. 5:25-cv-00893 (W.D. Okla Aug. 11, 2025); Smith v. Trans Union, LLC, et al, 5:25-cv-00900-JD (Aug. 11, 2025); Love v. Equifax Info. Servs., LLC, et al, 5:25-cv-00913-SLP (Aug. 14, 2025); Osborn v. Equifax Info. Servs., LLC, et al, 5-25-cv-01212-JD (Oct. 15, 2025); Bruner v. Equifax Info. Servs., LLC, 5:25-cv-01216-D (Oct 15, 2025); West v. Experian Info. Sols., Inc., et al, 5:25-cv-01476-G (Dec. 8, 2025); Carson III v. Trans Union, LLC, et al, 5:25-cv-01502-PRW (Dec. 15, 2025); Smith v. Trans Union, LLC, et al, 5:26-cv-00079-D (Jan. 18, 2026); Curry v. Trans Union, LLC, et al, 5:26-cv-00080-G (Jan 18, 2026); Lewis v. Trans Union, LLC, et al, 5:26-cv-00081-PRW (Jan 18, 2026); Shields v. Trans Union, LLC, et al, 5:26-cv-00121-JD (Jan. 25, 2026).

case, *Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, No. 5:25-cv-01171-SLP, 2026 WL 575337 (W.D. Okla. Mar. 2, 2026), these types of factual allegations cannot state a claim under the FCRA. The case should be dismissed because: (1) Plaintiff has failed to state a claim upon which relief may be granted; (2) Plaintiff lacks standing to bring a claim under 1681g; and (3) Plaintiff's Complaint is devoid of facts sufficient to establish either a willful or negligent violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff complains of incomplete account numbers, re-aged data, missing source information, incomplete payment history and incomplete account details, but alleges no facts showing that any information is actually inaccurate or that Defendants neglected to report any information actually in his consumer file. *See generally*, Am. Compl. Even if he alleged sufficient facts to support these contentions (which he does not), bare statutory violations and conclusory damages allegations do not establish Article III standing. *TransUnion v. Ramirez*, 594 U.S. 413, 426 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016) (stating "not all inaccuracies cause harm").

Because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and alleges no concrete injury, this Court should enter judgment on the pleadings in favor of Defendants or, alternatively, dismiss Plaintiff's claims for lack of jurisdiction.

## II.    FACTUAL BACKGROUND

Plaintiff alleges that his consumer credit disclosures, which he obtained from both Equifax and Experian on or about March 16, 2025, and from Trans Union on February 6, 2025, failed to include "critical" and "key" information contained within his credit file,

2

such as complete account numbers, credit limits, full payment histories, date of last payment, charge off amounts, balloon payment dates, and others. Am. Compl. at ¶¶ 16-30.[2] Plaintiff alleges that these inaccuracies affect at least one account contained on his Equifax disclosure and at least four on his Trans Union disclosure (the "Accounts"). Am. Compl. at ¶¶ 17-20, 25–30. As to Equifax, Plaintiff points to four types of omission or errors including: (1) "re-aged data," (2) payment history, and (3) incomplete account details. Am. Compl. at ¶ 16. As to Trans Union, Plaintiff points to three types of omissions and inaccuracies including: (1) erroneous data, (2) incomplete payment histories, and (3) "missing source information." Am. Compl. at ¶ 24.

Plaintiff concedes that Defendants provided him with copies of his consumer credit disclosure but claims that they "knowingly and intentionally failed to disclose all of the information in Robert's credit file" in an effort "to reduce operating costs and increase profitability." Am. Compl. at ¶ 33. According to Plaintiff, Defendants' FCRA violations were "willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures," and Plaintiff therefore suffers "[e]motional distress from the incomplete and inaccurate reporting by [a]nxiety, [d]epression, [f]ear, [n]umbness, [d]ifficulty [r]egulating [e]motions and [s]elf-[h]atred." Am. Compl. at ¶ 37.

---

[2] When a consumer seeks access to their own credit information directly from a CRA, the resulting document is called a "consumer disclosure" or "credit file disclosure." 15 U.S.C. § 1681g. In contrast, the terms "credit report" or "consumer report" refer to the document provided to credit grantors, insurers, or employers for credit-related decisions. See 15 U.S.C. § 1681a(d)(1); Shaw v. Experian Info. Sols., 891 F.3d 749, 755, n.3 (9th Cir. 2018).

Based on these facts, Plaintiff alleges that Defendants violated 15 U.S.C. § 1681g for "failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request." Am. Compl. at ¶ 42. Missing from Plaintiff's Amended Complaint, however, are any specific factual allegations to plausibly support his claims, including any specifics as to how Defendants' disclosures were incomplete or what information specifically was omitted. *See generally*, Am. Compl. Instead, Plaintiff asserts vague, sweeping, and conclusory claims that Defendants are withholding information from him. *Id*. Plaintiff further fails to explain how Defendants' alleged failure to include the omitted information from his consumer disclosure resulted in an unclear and inaccurate disclosure or concrete harm of any kind. *Id*. Accordingly, Plaintiff fails to state a plausible claim upon which relief may be granted or allege sufficient facts to create Article III standing.

At the very least, Plaintiff fails to allege any factual support for his willfulness claim—offering only vague, conclusory allegations that Defendants "knowingly and intentionally failed to disclose all the information in Robert's credit file" and that "[t]hese omissions appear to have been driven by a desire to reduce operating costs and increase profitability." Am. Compl. at ¶ 33. Plaintiff further claims that Defendants' actions were "willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over accuracy and completeness of consumer disclosures," but does not provide any plausible facts to support what, if any, "systemic procedures" Defendants purportedly implemented. Am. Compl. at ¶ 37. Plaintiff offers no factual support for his

4

sweeping conclusions, much less any authority as contemplated under Supreme Court precedent required to support a claim for willfulness.

### III.    LEGAL STANDARDS

#### A.    Federal Rule of Civil Procedure 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38,* 566 F.3d 1219, 1223 (10th Cir. 2009) (affirming dismissal). Rule 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, the Court "must look for plausibility," meaning that the Complaint "must include enough facts to state a claim that is plausible on its face." *Id.* (citing Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Muhammad v. Wakefield & Assocs.*, No. 20-CV-03024-RBJ-STV, 2021 WL 5284708, at \*3 (D. Colo. May 21, 2021), *report and recommendation adopted sub nom. Muhammad v. Transunion Consumer Reporting Agency*, No. 20-CV-3024-RMR-STV, 2021 WL 5284952 (D. Colo. Sept. 30, 2021) (recommending dismissal where plaintiff failed to plausibly allege an inaccuracy in his credit report and instead focused on legal issues underlying an admitted debt).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). Rather, "a plausible claim must include factual content sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (internal quotation marks and citation omitted).

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 556) (cleaned up). Thus, the Court is under "no obligation to conjure up unpleaded allegations" to support Plaintiff's claims. *Id.*; *see also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (courts may not "supply additional factual allegations to round out a plaintiff's complaint" or "construct a legal theory on a plaintiff's behalf.").

### B.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of standing may be brought under Rule 12(b)(1). *See* e.g., *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to resolve the matter. *See id.* A Rule 12(b)(1) motion "must be determined from the allegation of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The plaintiff "bear[s] the burden of pleading and proving concrete facts showing that the defendant's actual action has caused substantial risk of harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013).

6

## IV.   ARGUMENTS AND AUTHORITIES

Plaintiff's Amended Complaint not only fails to plausibly allege a violation of § 1681g(a), but Plaintiff simply cannot support a 1681g(a) claim under the facts and circumstances alleged in this case. Section 1681g(a) of the FCRA requires every Credit Reporting Agency ("CRA") to "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions. 15 U.S.C. § 1681g(a). A consumer's "file" includes "all information on that consumer recorded and retained by a reporting agency regardless of how this information is stored." 15 U.S.C. § 1681g(a).

Defendants complied with these requirements. However, Plaintiff urges the Court to infer that blank fields in Plaintiff's credit disclosures necessarily means that Defendants are withholding information in the consumer's file—when numerous courts (including this very Court) have concluded the opposite. This Court should again refuse to make such an inference and dismiss this suit in its entirety.

### A.   Plaintiff Has Failed to State a Plausible Claim for Relief Under § 1681g of the FCRA

Defendants' Motion should be granted because Plaintiff's Amended Complaint does not plausibly allege a violation of § 1681g(a). To state a claim under § 1681g of the FCRA, a plaintiff's complaint "must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all the information in the consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-cv-2516-HLT-JPO, 2021 WL 4099007, at *2 (D. Kan. July 23, 2021) (citing *Frazier v. Experian Info. Sols., Inc.*, 2018 WL 3785131, at *5–6 (D. Md. 2018)). To determine

whether a party has violated § 1681g, courts consider whether "the disclosure is understandable to the average consumer," and whether the information provided to the consumer was in a form that was both "clear and accurate." *Dotson*, 2026 WL 575337, at *2 (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018)).

Plaintiff's Amended Complaint fails to set forth facts alleging that Defendants included "inaccurate information" in his consumer disclosure. *See generally*, Am. Compl. Plaintiff fails to establish what "information" is actually at issue as to any of the Accounts or how the Accounts *should be reporting*. *See* Am. Compl. at ¶¶ 17-30. Instead, Plaintiff puts forth a list of several accounts and alleges that the accounts were reporting with truncated account numbers, re-aged data, incomplete payment history, incomplete account details, or missing source information. Am. Compl. at ¶¶ 20, 27-30. Absent sufficient factual support, Plaintiff has not plausibly alleged what if anything, was not disclosed regarding any of the alleged accounts. *See generally*, Am. Compl.

Allegations of "missing information" are not sufficient in and of themselves to plausibly plead a § 1681g violation. As this Court recently concluded in *Dotson*, "blank fields" do not necessarily indicate that a CRA withheld information in violation of § 1681g. *Dotson*, 2026 WL 575337, at *3; *see also Hammer v. Equifax Info. Servs., LLC*, 974 F.3d 564, 568 (5th Cir. 2020) ("A credit report does not become inaccurate whenever there is an omission, but only when an omission renders the report misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (internal quotations omitted). Indeed, CRAs only "gather information provided by data furnishers and make that information available" to consumers. *Dotson*, 2026 WL 575337,

8

at *3 (quoting *Lewis v. Midland Credit Mgmt.*, 2016 WL 4747414, at *1 (W.D. Okla. Sep. 28, 2016)). Accordingly, if a data furnisher does not provide certain information as it pertains to a particular account, Defendants would not have that information in the consumer's file at the time of the request and consequently, cannot disclose that information. Put simply, not every available account field will be filled in for every single account a consumer has, and the mere existence of blank fields in a consumer disclosure does not render the disclosure incomplete or insufficient under § 1681g.

Here, as in *Dotson*, Plaintiff claims that payment histories were missing from his consumer file disclosure. Am. Compl. at ¶¶ 16, 20, 24, 27. Additionally, Plaintiff claims that full account numbers, scheduled payments, actual payments, charge off amounts, balloon payment amounts, deferred pay start date, payments received, past due amounts amongst many other data fields were incomplete. Am. Compl. at ¶¶ 18-20, 27-30. Yet, Plaintiff fails to set forth even basic facts regarding such allegations. For instance, he claims scheduled payments and actual payments sections are incomplete but neglects to allege that he actually had scheduled payments due and made payments that were not reported for such accounts. Am. Compl. at ¶¶ 18, 20. The same is true for his claims that balloon payment amounts and dates and charge off information are incomplete but fails to state if the accounts were indeed charged off and whether the accounts were even subject to balloon payments and that balloon payments were made but not reported. *Id*. This is a systemic problem throughout Plaintiff's Amended Complain that plagues each and every allegation of "omitted" and "incomplete" fields for which Plaintiff complains are incomplete. *See generally*, Am. Compl. Without these basic facts, Plaintiff's

9

allegations are not plausible.

Regarding truncated account numbers specifically, courts in this circuit have reaffirmed that it is reasonable as a matter of law for CRAs to report truncated account numbers to protect consumers against identity theft. *Dotson*, 2026 WL 575337, at *3; *Whitaker v. Trans Union Corp.*, No. CV 03-2551-GTV, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005) ("[H]olding a credit reporting agency liable for reporting a ... truncated account number that a creditor furnished would lead to absurd results, especially if the credit reporting agency did not know that the creditor furnished it with such an account number.").

Moreover, Plaintiff does not allege that the complained of "missing information" is actually in Defendants' possession, only that fields such as account numbers, credit limits, payment history, date of first delinquency first reported, and charge off amount are missing or incomplete. Am. Compl. at ¶¶ 20, 27-30. Plaintiff offers no factual basis for his belief that Defendants omitted this information or that this information even exists for the complained of Accounts beyond the fact that those fields are allegedly blank in the disclosures.[3] *Id.*; *see also Dotson*, 2026 WL 575337, at *3 (dismissing a complaint containing 1681g allegations under similar circumstances).

Plaintiff has not plausibly alleged what, if anything, was not disclosed or was reported in error regarding any of the alleged Accounts. *See generally*, Am. Compl. Instead, Plaintiff offers sweeping, speculative conclusions, without factual support, that

---

[3] For instance, Plaintiff does not allege that the Accounts were or were not actually charged off or whether there ever was a date of major delinquency, only that such information is missing or erroneous.

10

information was excluded from his credit file. Accordingly, Plaintiff has failed to meet the pleading standards of *Iqbal* and *Twombly*, and the Motion should be granted.

### B.    Plaintiff Lacks Article III Standing

Under Article III of the Constitution, the judicial power of the United States extends only to "Cases" and "Controversies." U.S. Const. art. III, §§ 1–2. To prevent "federal courts [from] exceed[ing] their authority," the law of Article III standing "confines the federal courts to a properly judicial role" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court." *Spokeo*, 578 U.S. at 338 (citations modified). This "irreducible constitutional minimum," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556–61 (1992), requires a showing that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Spokeo*, 578 U.S. at 338.

Here, Plaintiff fails to plead a concrete injury in fact: "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Ramirez*, 594 U.S. at 434 (involving Section 1681e(b) claim). This logic holds for "missing information" as well. *See Dotson*, 2026 WL 575337, at *3 (stating that blank fields do not necessarily indicate a 1681g violation). Therefore, it is insufficient for standing purposes that Plaintiff merely viewed the allegedly inaccurate or missing information when he "obtained" his consumer disclosure. Am. Compl. at ¶ 13.

Here, Plaintiff makes no allegations of any third-party publication anywhere in his Complaint, much less that Defendants disclosed inaccurate information to a third-party. Absent such allegation, Plaintiff fails to plead a concrete injury, and the Court should

11

decline to fill those gaps for him. *See King v. Equifax Info. Servs., LLC*, 2023 WL 3006552, at \*2 (N.D. Cal. Apr. 18, 2023) (declining to make inferential steps necessary for plaintiff's claims to survive and dismissing his claims accordingly). Plaintiff further makes no allegation of a denial of credit or change in existing credit terms like one might expect in an FCRA case. In fact, Plaintiff does not list a single economic damage whatsoever beyond "los[ing] money with the postal stamp from Defendants not providing a complete and accurate profiles [sic]." Am. Compl. at ¶ 37.

Plaintiff's generic allegations of emotional distress are similarly insufficient to plead an injury-in-fact. Compare Am. Compl. at ¶ 37 (alleging Plaintiff has been subjected to "[e]motional distress from the incomplete and inaccurate reporting by [a]nxiety, [d]epression, [f]ear, [n]umbness, [d]ifficulty [r]egulating [e]motions and [s]elf-[h]atred"), *with Spira v. Trans Union, LLC*, 2022 WL 2819469, at \*5–\*6 (S.D.N.Y. July 19, 2022) (finding no concrete harm when the plaintiff alleged suffering "mental and emotional pain," as they were conclusory allegations, which do not confer standing). Once again, Plaintiff offers no specific facts or additional allegations to support or explain these otherwise threadbare allegations of harm. *See, e.g., Attridge v. Colonial Sav. F.A.*, 2023 WL 6444894, at \*4–6 (W.D. Tex. Sept. 28, 2023) (dismissing general allegations of damages to "reputation, stress, fear, worry, distress, frustration, humiliation, and embarrassment"); *Rosenberg v. LoanDepot, Inc.*, 2023 WL 1866871, at \*4–5 (S.D.N.Y. Feb. 9, 2023) (dismissing claim alleging injuries from hard and soft credit pulls, a decreased credit score, chilling effect of future applications, and mental and emotional pain); *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 599–601 (D. Md. 2022)

(dismissing claim alleging the injury of lowered credit score and emotional distress). More is required to satisfy Constitutional standards.

### C. Plaintiff Does Not and Cannot State a Claim for Willfulness Under the FCRA

Plaintiff has no claim against the Defendants under either § 1681n (willful noncompliance) or § 1681o (negligent noncompliance) of the FCRA because he has failed to plausibly allege that Defendants violated § 1681g. At the very least, Plaintiff's Complaint is devoid of any allegations that rise to the level sufficient to establish willful violations by the Defendants.

Willfulness is a high standard that requires a knowing or reckless violation. Under § 1681n(a), a "willful" violation is one that is "either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA." *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (citing Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57–58 (2007)); *see also Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA"). Recklessness is determined by whether the party engaged in an action "entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (quoting *Safeco Ins. Co. of America*, 551 U.S. at 68). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. (quoting *Safeco Ins. Co. of*

13

*America*, 551 U.S. at 69).

The Supreme Court has analogized the FCRA's willfulness standard to the "clearly established" requirement in qualified immunity cases, reasoning that an FCRA violation can only be willful if the defendant engages in conduct that is clearly unlawful under then-existing law. *Safeco Ins. Co. of America*, 551 U.S. at 69–70. *Safeco* itself makes clear that this "clearly established" test sets a very high bar for willfulness liability—even federal district court case law and informal agency guidance do not suffice to make an FCRA interpretation "clearly established" under *Safeco*. Rather, only "court of appeals" authority, "authoritative guidance" from the Federal Trade Commission, or statutory language that is "pellucid" satisfy this test. *Id*. While Plaintiff attaches a "FTC Opinion Letter" as Exhibit C to his Complaint, this is an "informal staff letter and not binding on the Commission," and not "authoritative guidance" under *Safeco*. Am. Comp., Ex. C (ECF No. 16-3). Accordingly, unless Defendants' alleged conduct would not have been lawful under any interpretation of the FCRA that "could reasonably have found support in the courts," Plaintiff's willfulness claim must fail. *Id*. at 70 n.20.

Plaintiff claims that Defendants' alleged omissions were "willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures," and that Defendants' "practices suggest an institutional disregard for their statutory obligations" and are "driven by a desire to reduce operating costs and increase profitability." Am. Compl. at ¶¶ 34, 37. However, he fails to cite any authority demonstrating that Defendants engaged in unlawful conduct. In addition, Plaintiff's allegations in support of willfulness are vague,

14

conclusory, and nonspecific as to what "systemic procedures" were used, or (more importantly) how such systems "reduce[d] operating costs and increase[d] profitability." *Id*. Plaintiff does not provide any factual enhancement for such vague, sweeping conclusions to plausibly allege a claim for willfulness under § 1681g.

Based on the foregoing, Plaintiff's claim for willful violation of § 1681g necessarily fails. The allegations in the Complaint do not plausibly allege that Defendants knowingly or recklessly violated the FCRA, and Plaintiff cannot satisfy the high bar of willfulness with such vague allegations.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants and Equifax Information Services LLC Trans Union LLC respectfully request that the Court grant their Joint Motion and dismiss Plaintiff's Amended Complaint in its entirety, along with such other relief as the Court deems just and proper.

15

Respectfully submitted,

*/s/ Amanda Loughmiller*

Amanda Loughmiller, OBA #35383
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5455
Fax: (214) 871-2111
aloughmiller@qslwm.com

***Counsel for Defendant Trans Union LLC***

/s/ *Paige Vacante*

Arthur F. Hoge, III, OBA# 4275
Littleton T. Ellett, OBA# 34644
HALL ESTILL
100 N Broadway Ave, Suite 2900
Oklahoma City, OK 73102
T: (405) 553-2828
F: (405) 553-2855
ahoge@hallestill.com
tellett@hallestill.com
*and*
Paige Vacante
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
T: (312) 460-5121
pvacante@seyfarth.com
***Counsel for Equifax Information Services
LLC***

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of June 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nkem A. House, Sr.
houselawfirm@gmail.com
House Law Group
425 Wilshire Blvd., Suite E
Oklahoma City, OK 73116
(405) 633-1709
*Counsel for Plaintiff*

Arthur F Hoge , III
ahoge@hallestill.com
Littleton Tazewell Ellett, IV
tellett@hallestill.com
Hall, Estill, Hardwick, Gable,
Golden & Nelson, P.C
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
 and
Paige Vacante
pvacante@seyfarth.com
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
*Counsel for Equifax*
*Information Services LLC*

*/s/ Amanda Loughmiller*
**AMANDA LOUGHMILLER**

17