# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRELL ROBERTS,

      Plaintiff,

v.

      Case Number: 5:25-cv-00887-JD

EQUIFAX INFORMATION SERVICES,
LLC and TRANS UNION, LLC,

      Defendants.

## DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT

Defendants Equifax Information Services, LLC ("Equifax") and Trans Union LLC ("Trans Union") (collectively the "Defendants"), by and through their counsel, hereby move this Court for an order staying discovery pending a ruling on Defendants' Joint Amended Motion for Judgment on the Pleadings ("Motion"). ECF No. 38.

## I.     INTRODUCTION

Plaintiff Terrell Roberts ("Plaintiff") filed his original Complaint in this action on August 11, 2025. ECF No. 1. On September 4, 2025, Trans Union filed its Motion to Dismiss Plaintiff's Complaint. ECF No. 8. On September 11, 2025, Equifax filed its Joinder to Trans Union's Dismiss Plaintiff's Complaint. ECF No. 12. On September 26, 2025, Plaintiff filed an Amended Complaint ("Complaint"). ECF No. 16. In the Complaint, Plaintiff alleges that Defendants violated Section 1681g of the Fair Credit Reporting Act ("FCRA") because the disclosures they provided omitted full account numbers and certain data fields for various accounts. *See generally* ECF No. 16. Defendant Equifax filed its answer to the Complaint on October 9, 2025, and Defendant Trans Union filed its answer

1

to the Complaint on October 10, 2025. ECF Nos. 22 and 23. On October 14, 2025, the Court set a status and scheduling conference and directed the parties to file their Joint Status and Discovery Plan.  ECF No. 24. On November 18, 2025, the parties filed their Joint Status and Discovery Plan. ECF No. 27. The Court entered its Scheduling Order on November 19, 2026, setting the deadlines in this matter. ECF No. 29.

On March 2, 2026, this Court granted the motion to dismiss in *Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, No. 5:25-cv-01171-SLP, ECF No. 21 (W.D. Okla. Mar. 2, 2026) ("*Dotson* Order"). The complaint in *Dotson*, like Plaintiff's Complaint here, alleged that a disclosure provided by consumer reporting agency ("CRA") National Consumer Telecommunications and Utility Exchange, Inc. ("NCTUE") was inadequate under § 1681g because it did not include full account numbers and omitted various account fields. *Dotson* Order at 5. The Court dismissed the *Dotson* complaint in its entirety, concluding that (1) it is reasonable as a matter of law for CRAs to truncate account numbers and (2) the plaintiff failed to allege that the account fields, such as sub-service type and past due amounts, were actually present in his file (and therefore omitted by NCTUE). *Id.* at 6-8.

Given the nearly identical nature of the *Dotson* complaint and Plaintiff's Amended Complaint here, Defendants filed a Joint Amended Motion for Judgment on the Pleadings ("MJOP") on June 9, 2026, arguing that Plaintiff's Amended Complaint should be dismissed in its entirety for failure to state a claim. ECF No. 38.

The MJOP remains pending. Defendants now move to stay discovery pending a ruling on the MJOP.

2

## II.    ARGUMENTS AND AUTHORITIES

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In evaluating a motion to stay discovery, courts evaluate the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Callaway v. Independent Schs. Dist. No. 1 of Okmulgee Cnty.*, No. CIV-21-51-SLP, 2021 WL 6125760, at *1 (E.D. Okla. Sept. 10, 2021) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). The fourth factor is not applicable to this case, as there are no non-parties with significant interests in this case, but consideration of the remaining four factors confirms that a discovery stay is appropriate here.

Regarding the first factor, Plaintiff will not be prejudiced by a brief stay of discovery while the parties await a ruling from the Court on the MJOP.  Discovery is still open and has several months remaining. While Plaintiff may "generally have an interest in proceeding expeditiously, there is no argument or evidence in this case that this plaintiff would be prejudiced by a stay." *Carey v. Alexander*, No. 25-cv-01304-PAB-CYC, 2025 WL 3484741, at *2 (D. Colo. Dec. 4, 2025).

Plaintiff served Trans Union with written discovery on November 25, 2025, and Equifax on November 25, 2025. Trans Union served its First Set of Interrogatories and

First Requests for Production on Plaintiff on November 26, 2025, and its First Requests for Admission on December 1, 2025. Equifax served its written discovery on Plaintiff on June 5, 2026. On June 4, 2026, Trans Union noticed Plaintiff's Deposition for July 8, 2025. Plaintiff will likely be noticing the 30(b)(6) depositions of Trans Union and Equifax's corporate representatives soon. It would be more efficient to briefly pause discovery while the Motion remains pending, rather than having the parties proceed through written discovery and depositions that may later be rendered moot.

The third and fifth factors, convenience to the Court and the public interest, also weigh in favor of a stay. Defendants' MJOP asserts that the *Dotson* Order is entirely dispositive of this case and moots any discovery in this matter. "[A] stay would serve the Court and the public interest by avoiding unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety." *Carey*, 2025 WL 3484741, at *2; *see also Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.").

4

## III.    CONCLUSION

For all the foregoing reasons, Defendants Equifax Information Services, LLC and Trans Union LLC respectfully request that the Court grant Defendants' Motion and stay discovery pending a ruling on Defendants Equifax Information Services, LLC and Trans Union LLC's Joint Amended Motion for Judgment on the Pleadings.

Dated: June 9, 2026                    Respectfully Submitted,

                                       */s/ Paige Vacante*
                                       Forrest M. "Teo" Seger III
                                       TSeger@clarkhill.com
                                       Clark Hill PLC
                                       2301 Broadway Street
                                       San Antonio, TX 78215
                                       (210) 250-6000
                                       *and*
                                       Paige Vacante
                                       *\*Admitted Pro Hac Vice*
                                       pvacante@seyfarth.com
                                       SEYFARTH SHAW LLP
                                       233 S. Wacker Drive
                                       Chicago, IL  60606-6448
                                       Telephone: (312) 460-5000
                                       Facsimile: (312) 460-7000
                                       **Counsel for Defendant**
                                       **Equifax Information Services, LLC**




Dated: June 9, 2026                    Respectfully Submitted,

                                       */s/ Amanda Loughmiller*
                                       Amanda Loughmiller
                                       Oklahoma Bar No. 35383
                                       QUILLING, SELANDER, LOWNDS,
                                       WINSLETT & MOSER, P.C.
                                       5801 Tennyson Parkway, Suite 440
                                       Plano, Texas 75024
                                       Telephone: (214) 560-5455
                                       Fax: (214) 871-2111
                                       aloughmiller@qslwm.com

                                       **Counsel for Defendant Trans Union LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of June 2026, the foregoing document was filed via the Court's CM/ECF system which sent electronic notice of such to all parties of record.

Nkem A. House, Sr.
houselawfirm@gmail.com
House Law Group
425 W. Wilshire Blvd., Suite E
Oklahoma City, OK 73116
(405) 633-1709
*Counsel for Plaintiff*

Forrest M. "Teo" Seger III
TSeger@clarkhill.com
Clark Hill PLC
2301 Broadway Street
San Antonio, TX 78215
(210) 250-6000
*and*
Paige Vacante
*Admitted Pro Hac Vice*
pvacante@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive
Chicago, IL  60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
*Counsel for Defendant*
*Equifax Information Services, LLC*


*/s/ Amanda Loughmiller*
**AMANDA LOUGHMILLER**

7