THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

TERRELL ROBERTS                       )
      Plaintiff,                       )
                                       )
v.                                    ) Case No.
                                       )     25-CV-00887-JD
EQUIFAX INFORMATION SERVICES,         )
LLC and TRANS UNION, LLC              )
      Defendants.                      )
                                       )

---

**PLAINTIFF MOTION FOR LEAVE TO FILE FINAL WITNESS LIST OUT OF TIME**

---

Plaintiff Terrell Roberts, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4) for leave to file his Final List of Witnesses out of time. In support of this Motion, Plaintiff states as follows:

## I.  INTRODUCTION AND PROCEDURAL BACKGROUND

On November 19, 2025, the Court entered its Scheduling Order (Doc. No. 29) setting the deadline for Plaintiff to file his final list of

1

witnesses, together with addresses and a brief summary of expected testimony, for June 5, 2026. See Doc. No. 29 at 1, paragraph 4. The Scheduling Order further provides that, except for good cause shown, no witness will be permitted to testify in any party's case in chief unless such witness was included in the party's filed witness list. Id. at 1, paragraph 5.

Plaintiff submits herewith his Proposed Final List of Witnesses, which identifies Plaintiff himself, current and former employees and corporate representatives of Defendants Equifax Information Services, LLC and Trans Union, LLC, and corporate representatives from third-party entities whose accounts appear on Plaintiff's consumer credit reports, including Discover Bank, Jefferson Capital Systems LLC, LVNV Funding LLC, and Portfolio Recovery Associates. The Proposed List also includes a reservation for witnesses identified through ongoing discovery and for rebuttal and authentication purposes.

The Proposed Final List of Witnesses was prepared and served on opposing counsel via email on June 22, 2026. Because the June 5, 2026 deadline has passed, Plaintiff now seeks leave of Court to file the Proposed List out of time.

## II.  GOOD CAUSE EXISTS FOR GRANTING LEAVE TO FILE OUT OF TIME

Federal Rule of Civil Procedure 6(b)(1)(B) authorizes the Court to extend the time for filing after the deadline has expired upon a showing of good cause and excusable neglect. Federal Rule of Civil Procedure 16(b)(4) similarly permits modification of a scheduling order for good cause. The Scheduling Order itself references the standards under Rules 1, 6(b), and 16(b)(4), and the good cause and excusable neglect factors set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), and applied by the Tenth Circuit in cases such as Tesone v. Empire Marketing Strategies, 942 F.3d 979 (10th Cir. 2019), Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Association, 771 F.3d 1230 (10th Cir. 2014), and United States v. Torres, 372 F.3d 1159 (10th Cir. 2004). See Doc. No. 29 at 3, paragraph 22.

### 1. Danger of prejudice to the non-movant.

There is no meaningful danger of prejudice to Defendants. The requested extension is brief, approximately eighteen days from the original deadline. Trial remains set on the December 2026 trailing docket, more than five months in the future. Defendants' own witness

list deadline was June 22, 2026, the same date Plaintiff served the Proposed List. Defendants will have full opportunity to review the Proposed List, conduct any follow-up discovery regarding the identified witnesses within the remaining discovery period (which closes August 5, 2026), and prepare their defense. No existing deadlines or trial preparation will be disrupted.

## 2. Length of the delay and its potential impact on judicial proceedings.

The delay is short and will have negligible impact on the proceedings. Discovery remains open for more than six weeks after the date of this Motion. All other pretrial deadlines, including the August 5, 2026 deadline for dispositive and Daubert motions, remain unaffected. Granting leave will promote efficient case management by ensuring all relevant witnesses are disclosed in advance of the pretrial conference and trial.

## 3. Reason for the delay, including whether it was within the reasonable control of the movant.

The reason for the delay is excusable and stems from the ongoing nature of discovery in this Fair Credit Reporting Act case. Plaintiff's claims involve multiple tradelines and accounts reported by Defendants, including accounts originated or serviced by the third-party

entities listed in the Proposed Witness List. Identifying the proper corporate representatives for these entities, confirming their contact information and authority to testify regarding the accounts at issue, and coordinating with discovery responses required additional time beyond the June 5, 2026 deadline. Plaintiff has been actively litigating this matter, serving and responding to discovery requests, and preparing the witness list based on the most current information available. The delay was not the result of dilatory conduct, lack of diligence, or disregard for Court deadlines, but rather reflects thorough and good-faith preparation in a case involving multiple parties and complex consumer credit reporting issues.

### 4. Whether the movant acted in good faith.

Plaintiff has acted in good faith throughout this litigation. The Proposed Final List of Witnesses was promptly finalized and served on Defendants immediately upon completion, on June 22, 2026. Plaintiff has complied with other Court deadlines and orders, including participating in the Rule 26(f) conference that led to the Scheduling Order. The Proposed List itself notes that discovery is ongoing and reserves the right to supplement as discovery progresses, consistent

with the parties' ongoing obligations under Rule 26(e).

Collectively, these factors establish good cause and excusable neglect. Moreover, denying leave would prejudice Plaintiff by potentially excluding witnesses essential to proving his claims, contrary to the directive of Federal Rule of Civil Procedure 1 to secure the just, speedy, and inexpensive determination of every action and proceeding.

## III.  CONCLUSION

WHEREFORE, Plaintiff Terrell Roberts respectfully requests that the Court enter an Order: (1) granting this Motion for Leave to File Final Witness List Out of Time; (2) permitting Plaintiff to file the Proposed Final List of Witnesses attached hereto as Exhibit A; and (3) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Nkem A. House
Nkem A. House, OBA No. 21219
The House Law Group
425 W. Wilshire Blvd., Ste. E
Oklahoma City, Oklahoma 73116
405.633.1709 (telephone)
houselawfirm@gmail.com (email)

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing pleading was served via this Court's CM/ECF system on the 23rd day of June, 2026, to all ECF registrants.

s/ Nkem A. House

Respectfully Submitted,

s/ Nkem A. House
Nkem A. House, OBA No. 21219
The House Law Group
425 W. Wilshire, Blvd., Ste. E
Oklahoma City, Oklahoma 73116
405.633.1709 (telephone)
houselawfirm@gmail.com (email)

Attorney for Plaintiff

8

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true copy of the foregoing pleading was served via this Court's CMC/ECF system on 22nd day of June, 2026 to all ECF registrants.

s/ Nkem A. House